NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FATIMA GUADALUPE CERON-BAUTISTA; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-70013 <br><br> Agency Nos. A202-130-471 <br> A202-130-472 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Fatima Guadalupe Ceron-Bautista and her minor child, natives and citizens

of El Salvador, petition pro se for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying their

application for asylum, and denying Ceron-Bautista's applications for withholding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

We do not disturb the agency's determination that petitioners failed to establish they suffered harm that rises to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's determination that petitioners failed to establish they would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because petitioners do not challenge the agency's determination that the proposed particular social group "people threatened and extorted by local gangs" was not cognizable, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). We lack jurisdiction to consider the social group "women who are unable to protect themselves from gang violence and extortion"

2                                                                                                      19-70013

because petitioners failed to raise the group before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Thus, petitioners' asylum claim, and Ceron-Bautista's withholding of removal claim, fail.

Substantial evidence also supports the agency's denial of CAT protection because Ceron-Bautista failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-70013